IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| LILLIAN and JAMES HARWOOD, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 1-06-CV-673 |
| ) | |
| vs. ) | |
| ) | |
| BONDEX INTERNATIONAL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED CONSIDERATION
OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

Plaintiffs Lillian and James Harwood hereby move this Court for expedited consideration of their separate *Motion to Remand to State Court*, and in support thereof state:

1. Plaintiffs, Lillian and James Harwood, filed this asbestos personal-injury case in state court (the Superior Court of Delaware for New Castle County) against a number of defendants, including Northrop Grumman Corporation ("Northrop"), on August 24, 2006.

2. Northrop removed this case on November 1, 2006.

3. Plaintiffs have contemporaneously filed a *Motion to Remand to State Court* and a *Memorandum in Support of Motion to Remand*, which set forth the deficiencies in Northrop's removal and the grounds for remand.

4. Plaintiff Lillian Harwood was diagnosed with malignant mesothelioma in March 2005. Mesothelioma is a rapidly progressing, terminal cancer caused by exposure to asbestos. On average, victims of mesothelioma die of their disease within about eighteen months of diagnosis.

5. This case is set for trial in state court in May 2007. Although it impossible to predict

such matters with any certainty, it is highly unlikely that Ms. Harwood would survive to participate in a trial at any later date.

6. Because this is an asbestos personal-injury case, it is subject to being transferred to the Eastern District of Pennsylvania as part of the federal multi-district litigation ("MDL"). Northrop has indicated that it intends to give notice to the MDL and seek such transfer. In the experience of Plaintiffs' counsel, such transfers are typically processed and become final within as few as thirty days from the time the process is initiated.

7. Once this case is transferred to the MDL, it is likely that Ms. Harwood will not survive to participate in any subsequent trial. Even if the MDL eventually hears and grants the *Motion to Remand to State Court*, the time required for that to occur would cause Plaintiffs to lose their May 2007 trial date. Indeed, any significant postponement of considering that Motion in this Court could have the same result.

6. Plaintiffs acknowledge that, in the event Ms. Harwood dies prior to trial, Mr. Harwood could prosecute a wrongful death and survival act claims. Nevertheless, Plaintiffs respectfully submit that as the person actually suffering from an asbestos-induced disease, Ms. Harwood has a right to the opportunity to have 'her day in court.'

7. The District Court, to which a case that is subject an MDL has been removed, has full authority over that case prior to any final and effective date of transfer. This specifically includes the authority to remand improperly removed cases to state court.

8. In order to facilitate the possibility of expedited consideration, Plaintiffs have promptly filed their remand pleadings and brief within about one week of removal.

9. Northrop's Notice of Removal was filed a full thirty days after Plaintiffs were

deposed on October 2, 2006 (which Northrop maintains provided notice that the case was removable) and over thirty days after the Complaint was served on September 19, 2006. Additionally, this is not the first asbestos personal-injury case against Northrop involving the shipyards in question. Given its prior experience and the time it took to determine to remove this case, Northrop should be in a position to defend the propriety of its removal on an expedited basis—or, at least, without the need of any continuance or delay.

10.  Local Rule 7.1.2 provides that Northrop's answering brief to the Motion to Remand should be filed within ten (10) days of the date on which the motion is served, and that Plaintiffs' reply should be filed within five (5) days thereafter. Plaintiffs respectfully suggest that this schedule, as set forth in Local Rule 7.1.2, would sufficiently facilitate prompt consideration of their Motion to Remand provided there are no continuances or extensions allowed.

11.  Plaintiffs respectfully suggest that, given the facial deficiencies in Northrop's Notice of Removal, it would be appropriate to summarily remand this case to state court without a hearing for oral argument. Alternatively, Plaintiffs respectfully request that this Court hold any such hearing on an expedited basis and as soon as possible after completion of the above briefing schedule.

WHEREFORE, Plaintiffs Lillian and James Harwood pray this Court:

(1) To enter its Order requiring adherence to the briefing schedule set forth in Local Rule 7.1.2 without continuances or extensions;

(2) To summarily remand this case to state court upon the completion of briefing without oral argument or, alternatively, to hold any hearing in the matter on an expedited basis;

(3) To allow such other and further relief as this Court deems appropriate.

                                              **BIFFERATO, GENTILOTTI,**
                                              **BIDEN & BALICK, L.L.C.**

                                              _____
                                              Ian Connor Bifferato (#3273)
                                              Garvan F. McDaniel (#4167)
                                              1308 Delaware Avenue
                                              P.O. Box 2165
                                              Wilmington, DE 19899-2165
                                              Tel. (302) 429-1900
                                              Fax. (302) 429-8600

Dated: November 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| LILLIAN and JAMES HARWOOD, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 1-06-CV-673 |
| ) | |
| vs. ) | |
| ) | |
| BONDEX INTERNATIONAL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

IT IS SO ORDERED this ____ day of _____, 2006 that:

1. Pursuant to Local Rule 7.1.2 Defendant, Northrop Grumman Corporation's Answering Brief is due within 10 days of service of this Motion;

2. Plaintiffs Reply Brief is due within 5 days of Defendant's Answering Brief; and

3. Upon the completion of briefing this Court will;

   a. Remand this matter to state Court; or

   b. Notify the parties of the necessity of a hearing in the matter on an expedited basis.

_____
Judge

**CERTIFICATE OF SERVICE**

I, Garvan F. McDaniel, hereby certify that on this 8th day of November, 2006 the attached Emergency Motion for Expedited Consideration of Plaintiffs' Motion to Remand to State Court was served upon:

Armand Della Porta, Jr., Esquire
Ana Marie McCann, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

Loreto Rufo, Esquire
7217 Lancaster Pike, Suite F
Hockessin, DE 19707

Megan Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, Suite 800
Wilmington, DE 19801

J. Michael Johnson, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899

Timothy Dillon, Esquire
Slamon, Ricchezza, Singer & Turchi
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801

Beth Valocchi, Esquire
Valocchi & Sasso
3513 Concord Pike, Suite 2000
Wilmington, DE 19803

Christian Singewald, Esquire
White & Williams
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899

Lynne Parker, Esquire
Hollstein, Keating, Cattell,
Johnson & Goldstein
One Commerce Center, Suite 730
1201 North Orange Street
Wilmington, DE 19801

Francis Murphy, Esquire
Murphy, Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Mark Reardon, Esquire
Elzufon, Austin, Reardon,
Tarlov & Mondell
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899

via electronic filing.

BIFFERATO, GENTILOTTI
BIDEN & BALICK, L.L.C.

_____
Garvan F. McDaniel (#4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Tel. (302) 429-1900
Fax. (302) 429-8600