IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS LITIGATION

LILLIAN and JAMES HARWOOD,       )
                                 )
            Plaintiffs,          )    C.A. No. 1-06-CV-673
                                 )
      vs.                        )
                                 )
BONDEX INTERNATIONAL, INC., et al. )
                                 )
            Defendants.          )

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR EXPEDITED CONSIDERATION
OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

INTRODUCTION

Plaintiffs, Lillian and James Harwood have moved to remand this case to state court. They have also moved for expedited consideration of their *Motion to Remand*, in which they seek: adherence to the briefing schedule set forth in Local Rule 7.1.2 without continuance or extensions; and, either summary remand without a hearing for oral argument, or that this Court hold any hearing as soon as possible upon the completion of briefing. Plaintiffs have requested expedited consideration in order to obtain consideration of their motion to remand, before this case is subject to transfer to the Eastern District of Pennsylvania pursuant to the federal multi-district litigation ("MDL") for asbestos cases.

STATEMENT OF THE CASE

Plaintiffs filed this asbestos personal-injury case in the Superior Court of Delaware for New Castle County on August 24, 2006. Defendant Northrop Grumman Corporation ("Northrop") removed the case to federal court on November 1, 2006. Prior

to removal, the case was set for trial in May 2007. Plaintiff Lillian Harwood suffers from malignant mesothelioma, a rapidly progressing, terminal cancer caused by exposure to asbestos. Although it impossible to predict such matters with any certainty, it is highly unlikely that Ms. Harwood would survive to participate in a trial beyond the schedule date in May 2007.

Because this is an asbestos personal-injury case, it is subject to being transferred to the MDL in the Eastern District of Pennsylvania. Northrop has indicated that it intends to give notice to the MDL and seek such transfer. In the experience of Plaintiffs' counsel, such transfers are typically processed and can become final within as few as thirty days from the time the process is initiated. Once this case is transferred to the MDL, it is likely that Ms. Harwood will not survive to participate in any subsequent trial. Plaintiffs acknowledge that, in the event Ms. Harwood dies prior to trial, Mr. Harwood could prosecute a wrongful death and survival act claims. Nevertheless, Plaintiffs respectfully submit that as the person actually suffering from an asbestos-induced disease, Ms. Harwood has a right to the opportunity to have '*her* day in court.'

## ARGUMENT

"The rules of the Judicial Panel on Multidistrict Litigation expressly provide that the pendency of a proceeding before the Panel to transfer a case 'does not affect or suspend orders or pretrial proceedings in the district court in which the action is pending.'" § 22.35 Manual for Complex Litigation, Federal Judicial Center (4th ed. 2004), p. 371, n. 1129 (*citing J.P.M.L. Rules of Pro.* Rule 1.5). The court to which a case has been removed has full authority to rule upon pending motions, prior to the effective date of any MDL transfer—including the authority to make such rulings even after a

2

conditional transfer order has issued.

Federal courts have limited subject-matter jurisdiction. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 372 (7th Cir. 1993). Accordingly, challenges to that jurisdiction should be considered at the earliest possible time, so that cases in which jurisdiction is lacking may be remanded to a proper state-court forum. *See e.g. Ariail Drug Co. v. Recomm Display, Inc.*, 122 F.3d 930, 934 (11th Cir. 1997). The Manual for Complex Litigation provides that remand motions are particularly appropriate subjects of pre-transfer consideration by the district court to which a case has been removed. *See* § 22.35, p. 371. This is especially true in cases, such as this one, where "the absence of federal jurisdiction is clear." *Id.* Additionally, having the MDL court decide the motion would not further the policy of uniformity because the asserted basis for jurisdiction depends upon the particular circumstances of the case. In this context, a ruling by this Court furthers both judicial economy and fundamental fairness.

Indeed, as the Manual for Complex Litigation specifically states, "if the case involves a critically ill Plaintiff who cannot wait an extended period for trial, the court may decide to proceed rather than wait for MDL action." § 22.35, pp. 371-72. Ms. Harwood is critically ill. Awaiting MDL action before resolving the remand issue will effectively deprive her of any realistic opportunity to participate in the trial of her case.

Finally, the specific relief sought in terms of expediting consideration of the *Motion to Remand* will not prejudice Northrop nor deprive it of a full and fair opportunity to respond. Plaintiffs have not asked for a shortened briefing schedule, but only adherence to the schedule set out in Local Rule 7.1.2 without any extensions. Northrop has had at least thirty days from the time it decided that the case was removable, in which

to assemble the requisite details and evidence in support of its decision to invoke federal jurisdiction. In essence, all Plaintiffs are seeking here is an expedited ruling, upon the completion of the regular briefing schedule provided in this Court's Local Rules.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant the relief requested, in order to expedite consideration of plaintiffs' *Motion to Remand* and return this case to its proper venue in the Delaware Superior Court.

BIFFERATO, GENTILOTTI,
BIDEN & BALICK, L.L.C.

_/s/_____
Ian Connor Bifferato (#3273)
Garvan F. McDaniel (#4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Tel. (302) 429-1900
Fax. (302) 429-8600

Dated: November 8, 2006

4

# CERTIFICATE OF SERVICE

I, Garvan F. McDaniel, hereby certify that on this 8th day of November, 2006 the attached Plaintiffs' Memorandum in Support of Emergency Motion for Expedited Consideration of Plaintiffs' Motion to Remand to State Court was served upon:

Armand Della Porta, Jr., Esquire
Ana Marie McCann, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

Loreto Rufo, Esquire
7217 Lancaster Pike, Suite F
Hockessin, DE 19707

Megan Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, Suite 800
Wilmington, DE 19801

J. Michael Johnson, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899

Timothy Dillon, Esquire
Slamon, Ricchezza, Singer & Turchi
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801

Beth Valocchi, Esquire
Valocchi & Sasso
3513 Concord Pike, Suite 2000
Wilmington, DE 19803

Christian Singewald, Esquire
White & Williams
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899

Lynne Parker, Esquire
Hollstein, Keating, Cattell,
Johnson & Goldstein
One Commerce Center, Suite 730
1201 North Orange Street
Wilmington, DE 19801

Francis Murphy, Esquire
Murphy, Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Mark Reardon, Esquire
Elzufon, Austin, Reardon,
Tarlov & Mondell
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899

via electronic filing.

BIFFERATO, GENTILOTTI,
BIDEN & BALICK, L.L.C.

_____
Garvan F. McDaniel (#4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Tel. (302) 429-1900
Fax. (302) 429-8600