IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| LILLIAN and JAMES HARWOOD, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 1-06-CV-673 |
| ) | |
| vs. ) | |
| ) | |
| BONDEX INTERNATIONAL, INC., et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT NORTHROP GRUMMAN CORPORATION'S
MOTION FOR STAY OF PROCEEDINGS**

BIFFERATO, GENTILOTTI,
BIDEN & BALICK, L.L.C.

Ian Connor Bifferato (#3273)
Garvan F. McDaniel (#4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Tel. (302) 429-1900

Dated: November 10, 2006

# TABLE OF AUTHORITIES

## Cases

*Brock v. Stolt-Nielsen SA*, 2004 WL 1837934
  (N.D. Cal. August 17, 2004) ............................................................. 3, 4

*Cunningham v. BHP Petroleum G.B. PLC*,
  427 F.3d 1238 (10th Cir. 2005) ............................................................. 3

*Hood v. Microsoft Corp.*,
  428 F.Supp.2d 537 (S.D. Miss. 2006) ............................................. 2, 3, 5

*McCormick v. C.E. Thurston & Sons, Inc.*,
  977 F.Supp. 400 (E.D. Va. 1997) ........................................................... 6

*McNeil Brothers Co., In re*,
  259 F.2d 386 (1st Cir. 1958) .................................................................. 3

*Minnesota, State of v. Pharmacia Corp.*,
  2005 WL 2739297 (D. Minn. October 24, 2005) ................................. 3-4

*Pennsylvania v. Tap Pharmaceutical Products, Inc.*,
  415 F.Supp.2d 516 (E.D. Pa. 2005) .................................................... 3, 4

*Pitchford v. Aladdin Steel, Inc.*,
  828 F.Supp. 610 (S.D. Ill. 1993) ............................................................ 3

*Wisconsin, State of v. Abbott Laboratories*,
  390 F.Supp.2d 815 (W.D. Wis. 2005) ................................................ 1, 5

## Statutes and Rules

*J.P.M.L. Rules of Procedure* Rule 1.5 ............................................................ 2, 4

## Other Authorities

Manual for Complex Litigation, Federal Judicial Center (4th ed. 2004) ............. 4, 5

INTRODUCTION

Defendant Northrop Grumman Corporation ("Northrop") has moved to stay these proceedings, awaiting a possible transfer to the asbestos multidistrict litigation ("MDL") in the Eastern District of Pennsylvania. Much of Northrop's memorandum in support is devoted to establishing an uncontested issue—namely, that this case will probably be transferred to the MDL, if it remains in the federal system. The prospect of transfer alone is not a reason to stay proceedings. On the contrary, there is every reason to deny the stay and decide the threshold jurisdictional issue, before this case is transferred into the MDL.

Jurisdiction is a threshold issue, and a stay that prevents promptly resolving that issue is inherently questionable. Additionally, judicial economy and efficiency are better served in this case by addressing the jurisdictional challenge as soon as possible. There is nothing efficient about having a case pending in federal court awaiting transfer to an MDL, where jurisdiction is lacking. *See e.g., State of Wisconsin v. Abbott Laboratories*, 390 F.Supp.2d 815, 819 (W.D. Wis. 2005).

STATEMENT OF THE CASE

Plaintiffs filed this case in Superior Court of the State of Delaware on August 24, 2006. Northrop removed the matter to this Court on November 1, 2006. Plaintiffs filed a Motion to Remand ("D.I. #5") to State Court and a Motion for Expedited Consideration ("D.I. #7"), along with supporting briefs on November 8, 2006. Northrop filed a notice of tag-along action with the federal asbestos MDL, seeking to have the case transferred. Northrop also moved for a stay pending transfer.[1]

---

[1] Plaintiffs do not object to the stay of any proceedings that are unconnected to resolving the remand issue. They do not object to allowing Northrop an extension to file an answer or other pleading responsive to the complaint. What plaintiffs seek here is the expeditious resolution of their *Motion to Remand*.

2

Ms. Harwood suffers from mesothelioma, a terminal asbestos-induced disease. Prior to removal, her case was set for trial in state court for May 2007. It is unlikely that she would survive to participate in trial at any later date. If the case is stayed, it will almost certainly be transferred to the MDL. Once it is transferred, obtaining a prompt hearing on Plaintiffs' Motion to Remand will be doubtful. As a practical matter, unless this Court denies the stay and hears the Motion to Remand, Ms. Harwood may not even survive until there is a determination as to where this case belongs.

## ARGUMENT

Plaintiffs respectfully submit that Northrop's Motion to Stay ("D.I. #3") should be denied. This Court has both the authority and the duty to resolve threshold jurisdictional challenges as soon as possible. The mere pendency of a MDL proceeding and the probability of transfer, by themselves, are not sufficient grounds for staying proceedings. In this particular case, the interests of economy, efficiency and fairness are better served by denying the stay and hearing Plaintiffs' Motion to Remand. Indeed, what could be more economical, efficient and fair than deciding where this case belongs, as soon as possible and prior to undertaking any other actions?

Even the entry of a conditional transfer order by the MDL Panel (which has not yet occurred here) does not operate to automatically stay proceedings in the district court where a case is pending. *See Hood v. Microsoft Corp.*, 428 F.Supp.2d 537, 541 (S.D. Miss. 2006). Neither the entry of such an order nor the prospect of transfer creates a presumption in favor of a stay. Rule 1.5 of the *J.P.M.L. Rules of Procedure* expressly provides that the court, to which a case has been removed, has full authority to decide pending motions up to a final MDL transfer. This especially includes motions to remand, which necessarily implicate the federal system's very power over the case.

3

In this context, a court's "inherent power to stay proceedings" must be balanced "against its historic obligation to ensure jurisdiction is proper." *Brock v Stolt-Nielsen SA*, 2004 WL 1837934 (N.D. Cal. August 17, 2004), at *1 (without jurisdiction a court cannot proceed at all, and can only remand or dismiss the case). Here, allowing the stay would preclude a prompt hearing of Plaintiffs' Motion to Remand, thereby impairing that obligation. Because "[f]ederal courts are courts of limited jurisdiction...[they] must presume that a suit lies outside this limited jurisdiction." *Hood*, 428 F.Supp.2d at 541. Without jurisdiction, a district court has no power over a case. *See Cunningham v BHP Petroleum G.B. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Even if no motion to remand has been filed, "a federal district court is obligated to consider the correctness of the grounds for removal, and if it finds the case was removed without jurisdiction, to remand the case to state court." *Pitchford v. Aladdin Steel, Inc.*, 828 F.Supp. 610, 612 (S.D. Ill. 1993). *See also In re McNeil Brothers Co.*, 259 F.2d 386, 388 (1st Cir. 1958)(district court has a duty to examine propriety of removal on its own motion).

Before adjudicating any pretrial matters, including entering a stay or transferring a case, the court "must satisfy itself that it has the power to do so." *Pennsylvania v Tap Pharmaceutical Products, Inc.*, 415 F.Supp.2d 516, 521 (E.D. Pa. 2005). "Even when a [MDL] transfer order is pending...'Congress has indicated a preference for remands based on such individualized jurisdictional evaluations and a tolerance for inconsistency.'" *Id. (citation omitted)*. The court, in *State of Minnesota v. Pharmacia Corp.*, 2005 WL 2739297 (D. Minn. October 24, 2005), was presented with a situation like the one. There, the court denied the stay and remanded the case:

> Plaintiff insists that, before the Court may address Defendant's Motion to Stay, the Court must address the threshold issue of subject matter jurisdiction. Indeed, the absence of subject matter

4

>jurisdiction renders the Court powerless. Thus, the Court agrees with Plaintiff.

*Minnesota v. Pharmacia*, at *2.

The court, in *Minnesota v. Pharmacia*, also observed that in a "factually and legally identical scenario, [another] district court found that 'granting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and [J.P.M.L.] Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns." *supra* at *2 (*citation omitted*). *See also Brock, supra* (another of the numerous cases denying a stay and granting remand, prior to a likely MDL transfer). Section 20.131 of the Manual for Complex Litigation, p. 221, specifically provides that "matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." *See also Pennsylvania v. Tap Pharmaceutical*, 415 F.Supp.2d at 521("determinations of subject matter jurisdiction should be made on an individualized basis").

Here, the plaintiffs' Motion to Remand depends upon the individual circumstances of the case, not upon overarching considerations uniquely common to all cases in the asbestos MDL. Indeed, Northrop asserts, in its Notice of Removal ("D.I. #1"), that it needed additional case-specific facts from plaintiffs' depositions, before realizing that it might remove this case. That assertion belies the position taken in Northrop's Motion for Stay, that removal depends upon generally common issues. More fundamentally, deciding that Northrop's Notice of Removal is insufficient in this case has no particular bearing on cases in the MDL.

5

A stay can be appropriate only where it is likely to increase efficiency and where achieving factual consistency is necessary. *See* § 22.35, Manual for Complex Litigation, Federal Judicial Center (4th ed. 2004), p. 371. *See also Hood*, 428 F.Supp.2d at 541 (S.D. Miss. 2006)("a stay is appropriate when it serves the interests of judicial economy and efficiency"). Such is not the case here. It is more efficient for the parties and the judicial systems for a case to be returned to the proper forum as soon as possible. *See Wisconsin v Abbott Labs*, 390 F.Supp.2d at 819. It is not economical or efficient for the federal court system to expend time and resources to stay and transfer a case that belongs in state court. It is certainly not efficient or fair for the plaintiffs to have their May 2007 trial date jeopardized by a transfer, when this Court has the authority to decide their remand motion sooner. Indeed, the Manual for Complex Litigation notes that a stay is presumptively inappropriate in cases involving terminally ill plaintiffs, such as Lillian Harwood. *See* § 22.35, p. 371.

In this regard, Northrop is incorrect in suggesting a stay will not prejudice plaintiffs. They will be severely prejudiced by having this case—which belongs in state court—remain too long in federal court. Ms. Harwood will be deprived of the opportunity to participate in a trial. The more pertinent question is, how would having this Court decide the remand motion sooner, rather than later, prejudice Northrop? Plaintiffs have challenged removal, and some federal court must eventually decide their Motion to Remand. If plaintiffs are correct, the case should be remanded as soon as possible. If they are incorrect and their remand motion is denied, the case would simply go to the MDL with that threshold issue already resolved. Either way, Northrop suffers no prejudice. It has certainly failed to cite to any case law or circumstance showing otherwise.

Finally, the MDL transferee court does not possess any special expertise in resolving the jurisdictional issues presented in this case. Ensuring completely consistent

6

results is neither necessary nor even possible with respect to this particular issue, because its resolution is too dependent upon individualized facts and procedural events. Moreover, as many of the cases cited in plaintiffs' Memorandum in Support of Motion to Remand ("D.I. #4") show, other district courts have routinely ruled on 'government contractor' removal issues in asbestos cases. For example, "in thousands of asbestos cases that have preceded [and involved the Newport News Shipyard], the United States District Court for the Eastern District of Virginia has determined that the government contractor defense is not available in 'failure to warn' cases." *McCormick v. C.E. Thurston & Sons, Inc.*, 977 F.Supp. 400, 403 (E.D. Va. 1997). To the extent that consistency is important, remanding the case at bar before it is transferred would be consistent with the "thousands" of decisions mentioned in *McCormick*.

## CONCLUSION

For the reasons stated herein, as well as in Plaintiffs' Motion to Remand, Motion for Expedited Consideration, and the memoranda in support of those motions, plaintiffs respectfully submit that Northrop's Motion for Stay should be denied, and that this Court should resolve the important threshold issue of remand as soon as possible.

BIFFERATO, GENTILOTTI,
BIDEN & BALICK, L.L.C.

_____
Ian Connor Bifferato (DE Id. No. 3273)
Garvan F. McDaniel (DE Id. No. 4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington DE 19899-2165
Tel. (302) 429-1900
Fax. (302) 429-8600

Dated: 11/10/06

7

<u>OF COUNSEL</u>
SIMMONSCOOPER LLC
Michael J. Angelides (IL Id. No. 623072)
707 Berkshire Boulevard
East Alton, Illinois 62024
Tele: (618) 259-2222
Fax: (618) 259-2251

8

# UNREPORTED CASES

# Westlaw.

Not Reported in F.Supp.2d                                                                                  Page 1

Not Reported in F.Supp.2d, 2004 WL 1837934 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

C
Briefs and Other Related Documents
Brock v. Stolt-Nielsen S.A.N.D.Cal.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Karen BROCK, Plaintiff,
v.
STOLT-NIELSEN SA, Stolt-Nielsen Transportation Group, Ltd., Odfjell ASA, Odfjell USA, Inc., Odfjell Seachem AS, Jo Tankers BV, Jo Tankers USA, Inc., and Tokyo Marine Co., Ltd., Defendants.
No. C 04-1992 FMS.

Aug. 17, 2004.

Craig C. Corbitt, Judith A. Schimm, Zelle, Hofmann, Voelbel, Mason & Gette LLP, Francis O. Scarpulla, Law Offices of Francis O. Scarpulla, Joseph M. Patane, Law Office of Joseph M. Patane, Mario Nunzio Alioto, Trump Alioto Trump & Prescott LLP, San Francisco, CA, for Plaintiff.
Maria R. Harrington, White & Case LLP, Los Angeles, CA, Joseph J. Samarias, Wilmer, Cutler, Pickering, Hale & Door LP, McLean, VA, Tyler Alexander Baker, Aaron Myers, Fenwick & West LLP, Mountain View, CA, Roxane A. Polidora, Kristin M. Lefevre, Pillsbury Winthrop LLP, San Francisco, CA, for Defendants.

### ORDER *GRANTING* PLAINTIFF KAREN BROCK'S MOTION TO REMAND

SMITH, J.
*1 This is a price fixing case brought by Plaintiff Karen Brock (Brock), on behalf of herself and others similarly situated, against Defendants Stolt-Nielsen SA, Stolt-Nielsen Transportation Group, Ltd., Odfjell ASA, Odfjell USA, Inc., Odfjell Seachem AS, Jo Tankers BV, Jo Tankers USA, Inc., and Tokyo Marine Co., Ltd (Shippers). Before the Court is Brock's motion to remand pursuant to 28 U.S.C. § 1447(c). The Court finds this matter suitable for decision without oral argument, Civil L.R. 7-1(b), and hereby GRANTS Brock's motion to remand and AWARDS Brock her just costs and actual expenses, including reasonable attorneys' fees.

### I. BACKGROUND

Brock alleges that the Shippers illegally agreed "to fix, raise, maintain or stabilize freight rates on parcel tankers," injuring indirect purchasers such as herself and the other potential class members. Am Compl at 11:3. Brock bases her claims on California law (disclaiming federal causes of action) and limits the relief for any particular plaintiff to $74,999. *Id* at 2:10-11. Among other requests, Brock specifically demands that the Shippers "be ordered to restore all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful or to constitute unfair competition, including disgorgement of their wrongfully obtained revenues, earnings profits, compensation, and benefits." *Id* at 16:4-9.

On May 20, 2004, Stolt-Nielsen Transportation Group, Ltd., Odfjell USA, Inc., and Jo Tankers USA, Inc. removed the instant action to this Court. Brock then moved for remand. During briefing, the Judicial Panel on Multidistrict Litigation (Panel) issued a Conditional Transfer Order, stating that the instant action involves questions of fact common to actions it previously transferred to a multidistrict litigation (MDL) court. On July 13, 2004, after notifying this Court that one of the parties opposed such a transfer, the Panel suggested that
your jurisdiction continues until any transfer ruling becomes effective. If you have a motion pending before you in the action-particularly a motion to remand to state court (if the action was removed to your court)-you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2

Not Reported in F.Supp.2d, 2004 WL 1837934 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

would best be decided there

## II. ANALYSIS

### A. MDL Proceeding

The Court will not postpone its decision on Brock's remand motion while the Panel decides whether to transfer conclusively. Although the Court has the inherent power to stay proceedings, *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936), it balances that discretion against its historic obligation to ensure jurisdiction is proper. *See Mansfield, C. & L.M. Ry. Co. v. Swan.* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884) (holding that jurisdiction is a concept of fundamental concern of which a federal court is "bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."); *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") In the light of a multidistrict proceeding, for example,

*2 [t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L. Rule 1.5, 199 F.R.D. 425, 427 (2001); *see also Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) ("Consistent with the directives of the Panel, a stay is improper. Judicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum."); Manual for Complex Litigation § 20.132, at 220-21 (4th ed.2004) (approving of the resolution of motions to remand prior to the Panel's conclusive decision regarding transfer). The Court considers a motion to remand in the time provided by its local rules unless the removing party demonstrates that the jurisdictional issue is both difficult and similar to those in cases already or likely transferred. *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D.Wis.2001)

The Shippers have not demonstrated that the jurisdictional issue is both difficult and similar. They demand that the Court delay its consideration of remand because "[s]imilar remand motions will [ ] inevitably arise that would be best resolved in a consistent and unified fashion by the MDL court. Allowing the MDL court to rule on this and any future remand action will avoid possibly inconsistent rulings." Shippers' Opp'n at 2:28-3:3. The Shippers fail to provide any cogent explanation why the legal issues appurtenant to the determination of federal subject matter jurisdiction are difficult or similar; they rely solely on the mere existence of factually-related MDL proceedings. If this alone were sufficient, it would create an automatic stay whenever factually-related MDL proceedings existed, rendering superfluous the provisions cited above from the authority, the Panel rules, and the Manual for Complex Litigation. And, in one of those factually-related actions to which the Shippers refer, a federal court in Tennessee already refused to delay, and immediately remanded to state court, an almost identical case raising the same indirect purchaser claims. *Sutton v. Stolt-Nielsen Transp. Group Ltd*, No. 2:04-CV-67, at 2 (E.D.Tenn. May 27, 2004) ("[T]he Court finds that no benefit will be gained by staying consideration of the motion to remand ..") This Court's obligation to review its jurisdiction strictly and the Shippers' failure to demonstrate that the jurisdictional issue is both difficult and similar to those in transferred cases require that the Court immediately decide Brock's pending motion to remand.

### B. Federal Subject Matter Jurisdiction

Remand to state court is necessary because federal subject matter jurisdiction is absent. Removal of an action instituted in a state court is proper if the case

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                             Page 3

Not Reported in F.Supp.2d, 2004 WL 1837934 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

originally could have been filed in federal court. 28 U.S.C. § 1441. The Court will remand a case to the state court from which it was removed if it appears, at any time prior to final judgment, that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) ("We strictly construe the removal statute against removal jurisdiction."). Here, diversity of citizenship is the only possible basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ..."); *see also Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977) (holding that federal courts do not have federal question jurisdiction over antitrust damages actions by indirect purchasers of goods whose price was fixed earlier in the stream of commerce and passed on to them by those who purchase directly from the price fixers). The only dispute here is whether the matter in controversy exceeds the sum or value of $75,000. *Cf.* Notice of Removal at 4:6-18 (stating that Brock is a California citizen and that no Shipper is a California citizen); Am. Compl. at 3:9-4:12 (same).

*3 In diversity cases removed from state court where the amount in controversy is in doubt, the Court applies a "strong presumption" against removal jurisdiction and "the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. The Shippers do not challenge the Amended Complaint's limitation of damages to $74,999 per plaintiff; instead, they contend that the disgorgement demand creates a common and undivided interest among the potential class members that satisfies the amount in controversy requirement. *Cf. Zahn v. International Paper Co.*, 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (holding that two or more plaintiffs, uniting to enforce a single title or right in which they have a common and undivided interest, may aggregate to meet the jurisdictional amount). The phrase "common and undivided interest" means that the matter could not have been adjudicated without implicating the rights of everyone involved. *McCauley v. Ford Motor Co. (In re Ford Motor Co./Citibank (South Dakota), N.A.)*, 264 F.3d 952, 959-60 (9th Cir.2001). "[T]he 'paradigm cases' allowing aggregation of claims ' are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy." *Id.* at 959 (quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir.1997)) In contrast, when plaintiffs have separate and distinct demands, but unite in a single suit for convenience and economy, "it is essential that the demand of each be of the requisite jurisdictional amount..." *Zahn*, 414 U.S. at 294.

The Shippers base their aggregation argument on the incorrect assertion that Brock seeks a common and undivided interest called "nonrestitutionary disgorgement." *See* Shippers' Opp'n at 4:24-5:14 (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937 (Cal.2003); *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal.4th 116, 96 Cal.Rptr.2d 485, 999 P.2d 718 (Cal.2000)). In *Korea Supply* and *Kraus*, the California Supreme Court distinguished restitutionary and nonrestitutionary disgorgement: in the former, a court compels the return of wrongfully-obtained property to those persons from whom it was taken, that is, to persons who had a prior interest in the property; in the latter, a court compels the surrender of all wrongfully-obtained property, even though not all is to be restored to the persons from whom it was obtained. *Korea Supply*, 29 Cal.4th at 1148-49, 131 Cal.Rptr.2d 29, 63 P.3d 937; *Kraus*, 23 Cal.4th at 126-27, 96 Cal.Rptr.2d 485, 999 P.2d 718. Brock demands "[t]hat Defendants ... be ordered to restore all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful..." Am. Compl. at 16:3-6. Although including the phrase "all funds"-the significance of which is questionable, *see In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d at 961 ("[S]imply because the plaintiffs request disgorgement of 'all benefits' does not establish that the right which they seek to enforce is collective.")-Brock specifically uses the term "restore," which means "[t]o give back, to make return or *restitution* of (anything previously taken away or lost)." XIII The Oxford English Dictionary 755 (2d ed.1989) (emphasis added) The Amended Complaint, when read fairly,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                                         Page 4

Not Reported in F.Supp.2d, 2004 WL 1837934 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

demands that the Shippers return property obtained through unfair business practices to those persons from whom it was taken. In her briefing on this motion, Brock reemphasizes that she does not seek nonrestitutionary disgorgement. Brock Reply at 6:23-24 ("There is no mention of 'nonrestitutionary disgorgement,' much less a claim for it."). Brock's disgorgement claim, thus, is not nonrestitutionary. FN1

> FN1. The Court only finds that Brock does not seek nonrestitutionary disgorgement. It does not decide whether nonrestitutionary disgorgement can be a common and undivided interest.

*4 The Court finds, as the federal court in Tennessee found, that the nature of the rights asserted by Brock and the potential class are uncommon and divisible. The injuries to Brock and the potential class members allegedly were caused when they individually, not as a group, indirectly purchased products for prices artificially heightened by the freight rate price fixing. They shared no common interest prior to this litigation; their claims arising from the alleged price fixing scheme do not implicate a single indivisible res, could be adjudicated on an individual basis, and are joined merely for convenience and economy. *See Sutton,* No. 2:04-CV-67, at 10. The Court finds that aggregation is improper, that the claims do not meet the jurisdictional minimum, and that remand to state court is necessary.

### III. CONCLUSION

For the reasons set forth above, the Court REMANDS this action to the state court from which it originally was removed. The Shippers shall pay Brock the just costs and any actual expenses, including reasonable attorneys' fees, she incurred as a result of the removal. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

N.D.Cal.,2004.
Brock v. Stolt-Nielsen SA

Not Reported in F.Supp.2d, 2004 WL 1837934 (N.D.Cal.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01992 (Docket) (May 20, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                Page 1

Not Reported in F.Supp.2d, 2005 WL 2739297 (D.Minn.), Med & Med GD (CCH) P 301,758
(Cite as: Not Reported in F.Supp.2d)

▷
Briefs and Other Related Documents
State of Minnesota v. Pharmacia Corp. D.Minn.,2005.
    United States District Court,D. Minnesota.
STATE OF MINNESOTA, by its Attorney General, Mike Hatch, Plaintiff,
v.
PHARMACIA CORPORATION, Defendant.
No. 05-1394 (PAM/JSM).

Oct. 24, 2005.

Ann M. Bildtsen, Minnesota Attorney General, Luverne, MN, Michael J. Vanselow, MN Attorney General, St. Paul, MN, Charles N. Nauen, Robert K. Shelquist, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, for Plaintiff.
James Lloyd Volling, Jesseca RF Grassley, Faegre & Benson LLP, Minneapolis, MN, Jason E. Baranski, John C. Dodds, Kimberly K. Heuer, Morgan, Lewis & Bockius LLP, Philadelphia, PA, Scott-Na A. Stempel, for Defendant.

MEMORANDUM AND ORDER
MAGNUSON, J.
*1 This matter is before the Court on Plaintiff's Motion to Remand and Defendant's Motion to Stay Consideration of the Motion to Remand. For the reasons that follow, Defendant's Motion is denied and Plaintiff's Motion is granted.

BACKGROUND

The underlying action has been ongoing since 2002. Plaintiff, the State of Minnesota, filed this action on behalf of Medicare beneficiaries claiming that Defendant Pharmacia Corporation inflated the average wholesale price ("AWP") on prescription drugs, causing Medicare beneficiaries to make inflated Medicare Part B co-payments. The Complaint only alleges state law claims, including violations of the Minnesota Consumer Fraud Act, the False Statement in Advertising Act, the Fraud on Senior Citizens and Handicapped Persons Act, and the Medicaid Fraud Act. It also contains common law claims for fraud and unjust enrichment.

The Complaint was initially filed in Minnesota state court on June 18, 2002, and subsequently removed to federal court on July 18, 2002. In particular, Defendant contended that because Plaintiff's claims require a determination of whether the AWPs used by Defendant complied with the meaning of AWP under the Medicare statute, federal jurisdiction existed. Before the Court disposed of the motion to remand, the case was transferred by the Multi-District Litigation ("MDL") Panel to *In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL 1456 ("MDL Litigation"). Following transfer to the MDL Litigation, the MDL court remanded the action to Minnesota state court. *Montana v. Abbott Labs.,* 266 F.Supp.2d 250, 255 (D.Mass.2003).

On June 13, 2005, the United States Supreme Court determined that the relevant question for federal jurisdiction is whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.,* --- U.S. ----, ----, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005). This decision clarified the rule in *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), by eliminating any requirement that a private federal cause of action exist in order for federal jurisdiction to lie.

On July 13, 2005, Defendant removed this action to this Court. The basis for removal is premised on the Supreme Court's decision in *Grable.* On July 14, 2005, Defendant filed a Notice of Related Action in the MDL Litigation, designating the case as a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2005 WL 2739297 (D.Minn.), Med & Med GD (CCH) P 301,758
(Cite as: Not Reported in F.Supp.2d)

tag-along to those like cases already transferred. On August 9, 2005, the MDL Panel issued an order conditionally transferring this action to the MDL Litigation. No final transfer order has been issued.

Defendant first requests that the Court stay a ruling on the Motion to Remand pending a final order of transfer to the MDL Litigation, so that the MDL court may decide the remand issue in conjunction with other similarly situated state-filed cases. Plaintiff argues that a stay is not warranted and claims that remand is appropriate because Defendant's removal is procedurally defective.

DISCUSSION

*2 In this case, the Court is faced with two Motions: a Motion to Remand and a Motion to Stay the Motion to Remand. Defendant argues that a stay is appropriate to allow for a final order of transfer to the MDL Litigation so that the Motion to Remand will be addressed in conjunction with other cases presenting the same legal and factual issues. However, Plaintiff insists that, before the Court may address Defendant's Motion to Stay, the Court must address the threshold issue of subject matter jurisdiction. Indeed, the absence of subject matter jurisdiction renders the Court powerless. Thus, the Court agrees with Plaintiff. *See Pennsylvania v. Tap Pharm. Prods. Inc.*, No. 05-3604, 2005 WL 2242913 (E.D.Pa Sept 9, 2005) (in factually and legally identical scenario, the district court found that "granting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and [Judicial Panel on Multi-District Litigation] Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns"). In reviewing a motion to remand, the Court must strictly construe the removal statute against the party seeking removal and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. *See In re Potash Antitrust Litig.*, 866 F.Supp. 406, 410 (D.Minn 1994) (Kyle, J.)

A. Timeliness

First and foremost, Plaintiff argues that Defendant's Second Notice of Removal is untimely. In relevant part, 28 U.S.C. § 1446(b) states:
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

Indeed, this Second Notice of Removal comes three years after the initial filing of the underlying Complaint. Defendant contends that the Supreme Court's decision in *Grable* constitutes "other paper," which allows Defendant thirty days from the issuance of the *Grable* decision to file this Second notice of Removal. However, the law in Minnesota is clear that "other paper" refers "solely to documents generated within the state court litigation itself." *Johansen v. Employee Ben. Claims, Inc.*, 668 F.Supp. 1294, 1296 (D.Minn 1989) (McLaughlin, J.). Thus, under the precedent in this district, and indeed the majority view, the issuance of the Supreme Court decision is irrelevant when determining the timeliness of Defendant's Second Notice of Removal. Accordingly, Defendant's removal is improper and remand is appropriate. *Id.*; *see Holiday v. Travelers Ins. Co.*, 666 F.Supp. 1286, 1289 (W.D.Ark.1987) ("the court does not 'buy' the proposition that the decision of a court-even the Supreme Court-constitutes 'other papers' 'within the meaning of the removal statute); *see also Tap Pharm. Prods. Inc.*, 2005 WL 2242913, at *8 (concluding that "other paper" does not include opinions from unrelated litigation, and noting that majority of jurisdictions follow this conclusion); *Wisconsin v. Abbott Labs*, -F.Supp.2d-, 2005 WL 2407669, at ----8-9 (W.D.Wis Sept 29, 2005) ("other paper" does not include the recent *Grable* decision).

*3 Defendant argues that *Johansen* is not good law and that the Court should disregard its mandate. Although neither the Eighth Circuit nor any other Minnesota District Court has addressed the issue, *Johansen* has not been overruled. Moreover, it is

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d                                                                                                      Page 3
Not Reported in F.Supp.2d, 2005 WL 2739297 (D.Minn.), Med & Med GD (CCH) P 301,758
(Cite as: Not Reported in F.Supp.2d)

the majority view. *See Tap Pharm. Prods. Inc.,* 2005 WL 2242913, at *8 n. 10. Finally, Defendant's reliance on *Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 266-68 (5th Cir.2001) and *Doe v. American Red Cross,* 14 F.3d 196, 203 (3d Cir.1993), is misplaced, as both of these cases narrowly hold that a decision in an unrelated case, but involving the same defendant and concerning a similar factual situation and an express grant of removal qualifies as an "order" under § 1446(b), to allow removal. *See Green,* 274 F.3d at 266-68; *Am. Red Cross,* 14 F.3d at 203. Indeed, none of these facts are evident here, and accordingly, Defendant's Second Notice of Removal is untimely. Because removal in this instance is procedurally defective, remand is appropriate. *See* 28 U.S.C. § 1446; *see also Mousel v. Knutson Mortg. Corp.,* 823 F.Supp. 658, 662 (D.Minn.1993) (MacLaughlin, J.).

B. Federal Question

Even if Defendant's Second Notice of Removal was timely, the Court finds that it nevertheless lacks jurisdiction over Plaintiff's claims. An action may be removed from state court to federal court only if it presents an issue of federal question or if diversity jurisdiction exists. 28 U.S.C. § 1441. Defendant premises removal on federal question jurisdiction.

In *Montana v. Abbott Laboratories,* the MDL court determined that although Plaintiff's claims presented a federal question, the First Circuit's interpretation of *Merrell Dow* required remand. Because the Medicare statute does not provide a private cause of action for AWP misreporting, the court concluded that "the federal issue is not substantial enough to create federal jurisdiction." 266 F.Supp.2d at 257. According to Defendant, because *Grable* expressly clarified that federal question jurisdiction does not require the existence of a private cause of action, the MDL court's narrow basis for remand no longer exists.

However, Defendant fails to acknowledge that the MDL court further held that *Merrell Dow* compelled remand. The MDL court specifically rejected Defendant's contention that the prospect of multiple judicial determinations on the meaning of AWP warranted removal. *Id.* at 257-58 (the lack of a federal cause of action and no preemption of state remedies demonstrate Congress's intent to limit federal question jurisdiction). Indeed, as the *Grable* court noted, "the combination of no federal cause of action and no preemption of state remedies ... [is] an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331." 125 S.Ct. at 2370. Thus, the MDL court's holding is not as narrow as Defendant contends and further suggests that Plaintiff's claims do not present a substantial federal question, even under *Grable.*

*4 Even assuming that Plaintiff's claim raises a disputed and substantial federal issue, removal is nevertheless inappropriate under *Grable. Grable* requires that each case must be examined to determine whether the exercise of federal jurisdiction preserves any congressionally approved balance of federal and state judicial responsibilities. *Id.* at 2368. The Court is persuaded by the thorough and reasoned analysis of the Western District of Wisconsin, which addressed the same legal and factual dispute:
[T]here is no strong federal interest in the present case comparable to the federal interest in tax collection implicated in *Grable.* The federal question raised in *Grable* was of critical importance to the IRS's efforts to satisfy tax liabilities from the property of delinquent taxpayers. Although a federal agency administers the Medicare program, states play the primary role in apportioning Medicaid benefits within the broad parameters set by federal law. States and the federal government have an interest in securing an interpretation of the Medicare statute and regulations. At best, the federal and state interests are equivalent. Moreover, the fact that Congress has not preempted the states' use of consumer protection statutes to police medical billing practices indicates the absence of a dominant federal interest.
Second, in *Grable,* the Court was willing to extend federal jurisdiction because quiet title actions under state law rarely raise issues of federal law. By contrast, the present case is one of many that have been filed by states across the country concerning pharmaceutical companies' alleged fraud in price-setting. Shifting all of the cases [ ] into federal court would work a significant disruption in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                         Page 4
Not Reported in F.Supp.2d, 2005 WL 2739297 (D.Minn.), Med & Med GD (CCH) P 301,758
(Cite as: Not Reported in F.Supp.2d)

division of labor between federal and state courts .[ ] Finally, the nature of the present case is more analagous to *Merrell Dow* than *Grable*. Plaintiff has asserted statutory and common law tort claims that, like the negligence claims in *Merrell Dow*, rest on alleged violations of federal law. Because this case does not implicate an overriding federal interest and because removal would disturb the balance of judicial responsibilities between state and federal courts, [ ] removal of this action was improper.

*Abbott Labs* ,-F.Supp.2d-, 2005 WL 2407669, at *8.

## CONCLUSION

The Court finds that Defendant's Second Notice of Removal was untimely, and accordingly, remand is appropriate. Based on all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:
1. Plaintiff's Motion to Remand (Clerk Doc. No. 5) is GRANTED;
2. Defendant's Motion to Stay Consideration of the Motion to Remand (Clerk Doc. No. 11) is DENIED;
3. This case is REMANDED to Hennepin County District Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

D.Minn.,2005.
State of Minnesota v. Pharmacia Corp.
Not Reported in F.Supp.2d, 2005 WL 2739297 (D.Minn.), Med & Med GD (CCH) P 301,758

Briefs and Other Related Documents (Back to top)

• 2005 WL 2918091 (Trial Motion, Memorandum and Affidavit) State of Minnesota's Memorandum of Law in Opposition to Defendant's Motion to Stay (Sep. 29, 2005) Original Image of this Document (PDF)
• 2005 WL 2918089 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Plaintiff State of Minnesota in Support of Motion for Remand to State Court for the Second Time (Sep. 26, 2005) Original Image of this Document (PDF)

• 2005 WL 2918087 (Trial Motion, Memorandum and Affidavit) Defendant Pharmacia Corporation's Memorandum in Opposition to Plaintiff's Motion to Remand (Sep. 16, 2005) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

## CERTIFICATE OF SERVICE

I, Garvan F. McDaniel, hereby certify that on this ____ day of November, 2006 the attached PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT NORTHROP GRUMMAN CORPORATION'S MOTION FOR STAY OF PROCEEDINGS was served upon:

Armand Della Porta, Jr., Esquire
Ana Marie McCann, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899

Loreto Rufo, Esquire
7217 Lancaster Pike, Suite F
Hockessin, DE 19707

Megan Mantzavinos, Esquire
Marks, O'Neill, O'Brien & Courtney
913 North Market Street, Suite 800
Wilmington, DE 19801

J. Michael Johnson, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899

Timothy Dillon, Esquire
Slamon, Ricchezza, Singer & Turchi
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801

via electronic filing

Beth Valocchi, Esquire
Valocchi & Sasso
3513 Concord Pike, Suite 2000
Wilmington, DE 19803

Christian Singewald, Esquire
White & Williams
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899

Lynne Parker, Esquire
Hollstein, Keating, Cattell,
Johnson & Goldstein
One Commerce Center, Suite 730
1201 North Orange Street
Wilmington, DE 19801

Francis Murphy, Esquire
Murphy, Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

Mark Reardon, Esquire
Elzufon, Austin, Reardon,
Tarlov & Mondell
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899

BIFFERATO, GENTILOTTI,
BIDEN & BALICK, L.L.C.

_____ #4240
Ian Connor Bifferato (#3273)
Garvan F. McDaniel (#4167)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899-2165
Tel. (302) 429-1900

8