**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| LILLIAN and JAMES HARWOOD | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 1-06-CV-673 |
| | ) | |
| -vs.- | ) | |
| | ) | |
| BONDEX INTERNATIONAL INC., et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANT NORTHROP GRUMMAN CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS' MOTION TO REMAND TO STATE COURT**

**INTRODUCTION**

Plaintiffs' motion for expedited consideration of their Motion to Remand seeks to penalize Northrop Grumman Corporation for plaintiffs' own delay in filing suit. They argue the Court should "summarily remand this case to state court without a hearing for oral argument" so that plaintiffs can hold on to their May, 2007 trial date. Northrop Grumman has worked expeditiously since the date it was served with the Complaint in this matter on September 19, 2006. Plaintiffs' counsel tendered their clients' depositions for October 2, 2006 and Northrop Grumman removed the case within 30 days of publishing the transcript. Plaintiffs sought remand and Northrop Grumman files, today, its Brief in Opposition, within 10 days of plaintiffs' filing, pursuant to Local District Court Civil Rule 7.1.2. Northrop Grumman's right to seek oral argument should not be denied because plaintiffs failed to file suit in this matter until 17 months after plaintiff was diagnosed with mesothelioma.

STATEMENT OF THE CASE

Plaintiffs filed their Complaint in the Superior Court of Delaware, New Castle County, on August 24, 2006. Before some defendants were even served with the Complaint, they tendered themselves for deposition on October 2, 2006. Northrop Grumman removed the case to this Court within 30 days of receiving written notice (plaintiffs' deposition) that the case was removable. Plaintiffs have moved to remand the case to state court and seek expedited review of their motion by avoiding oral argument. Northrop Grumman opposes plaintiffs' motion herein.

No one can predict how long Mrs. Harwood will survive with her disease. If plaintiffs are correct and, on average, those diagnosed with mesothelioma survive 18 months from diagnosis, Mrs. Harwood has already beaten the odds. Nonetheless, Mrs. Harwood's desire to have "her day in court" should not outweigh Northrop Grumman's undisputed legal rights in this matter – to be fully heard on its opposition to plaintiffs' motion for remand and, if proper, to have this case transferred to the MDL.

ARGUMENT

Northrop Grumman is entitled to remove this action pursuant to 28 U.S.C. § 1442(a)(1) and to have this action transferred to the Eastern District of Pennsylvania as part of *In re Asbestos Products Liability Litigation*, Docket No. MDL-875 ("MDL-875"). Moreover, it has a right to seek oral argument on these issues pursuant to D. Del. LR 7.1.4. Rather than repeat arguments already set forth in previous filings, Northrop Grumman refers the Court to its Notice of Removal, Motion for Stay, and its Brief in Opposition to Plaintiffs' Motion for Remand (also filed on this date) as though set forth fully herein.

Plaintiffs argue that where a case involves a critically ill Plaintiff, the court should proceed rather than wait for MDL action. If plaintiffs' analysis were correct, numerous cases

currently in MDL-875 would never have been transferred, considering they all involve injuries from asbestos, many plaintiffs of whom suffer from mesothelioma and other fatal illnesses allegedly resulting from asbestos exposure. Plaintiffs' case is no different than those. Indeed, the MDL Panel has rejected oppositions to transfer regardless of the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not related to asbestos-related injury or death, and/or the unanimity of opposition to transfer by the parties to an action. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 170 F. Supp. 2d 1348, 1349 (J.P.M.L. 2001).

Plaintiffs further seek to preclude Northrop Grumman from seeking any extensions and from availing itself of any opportunity for oral argument in this matter, in an effort to expedite these proceedings. Plaintiffs' request for no extensions is moot, since Northrop Grumman has sought no extensions. Yet, Northrop Grumman is entitled to, and intends to, request oral argument before this Court rules on plaintiffs' motion for remand. The issues before this Court on this matter are hardly "typical" for this Court and Northrop Grumman welcomes the opportunity to be heard on each of these issues at the Court's discretion.

## CONCLUSION

Plaintiff jeopardized her own chance of participating in the trial of her case when she waited 17 months after her diagnosis to file suit. Northrop Grumman is entitled to remove this action, to respond fully to plaintiff's arguments to the contrary and to be fully heard by the Court on this matter. Plaintiff's desire to have her day in court cannot take away the statutory rights of Northrop Grumman nor its rights under the federal rules and local rules of civil procedure.

WHEREFORE, Defendant Northrop Grumman Corporation prays this Court deny plaintiffs' motion for expedited consideration.

        ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.

        /s/ *Mark L. Reardon*
        _____
        Mark L. Reardon (DE #2627)
        300 Delaware Avenue, Suite 1700
        P.O. Box 1630
        Wilmington, Delaware 19899
        (302) 428-3181

        Nancy Shane Rappaport (DE #3428)
        DLA Piper US LLP
        1650 Market Street, Suite 4900
        Philadelphia, PA 19103
        (215) 656-3357

        Attorneys for Defendant
        Northrop Grumman Corporation

Date: November 20, 2006