**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF PENNSYLVANIA
US COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1797

June 20, 2007

MICHAEL E. KUNZ
CLERK OF COURT

CLERK'S OFFICE
ROOM 2609
TELEPHONE
(215) 597-7704

Peter T. Dalleo, Clerk
U.S. District Court for the
District of Delaware
J. Caleb Boggs Federal Bldg
LockBox 18
844 King Street
Wilmington, DE 19801-3570



FILED
JUN 21 2007

IN RE:    ASBESTOS PRODUCTS LIABILITY LITIGATION
MDL 875 Transfer Order; DC-DE 1:06-673.

Dear Clerk:

The enclosed Transfer Order from the Judicial Panel is being sent to you regarding the involved action listed above. This case has been properly identified as multi district litigation asbestos cases.

**PLEASE DO NOT FORWARD ANY OF THE RECORD OR ANY DOCUMENTS TO OUR COURT. WE ALSO DO NOT NEED A COPY OF THE DOCKET OR THIS ORDER RETURNED TO OUR COURT.**

This certified copy is information for your court's records. We have assigned a new case number and all future docketing will be conducted in our court. If you have any questions please contact me at (267) 299-7018.

Sincerely,

MICHAEL E. KUNZ
Clerk of Court

Tom Dempsey

Tom Dempsey
MDL Docketing Clerk

Enclosure

A CERTIFIED TRUE COPY

APR 19 2007

[signature]

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 4·23·07
ATTEST: Tom Dempsey
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 19 2007

FILED
CLERK'S OFFICE

DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

**BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,[*] JUDGES OF THE PANEL**

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in three actions pending in the District of Delaware, the Middle District of Louisiana, and the District of Maryland, respectively, and twenty actions pending in the Southern District of Mississippi. Movants ask the Panel to vacate the respective portions of its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique

---

[*] Judges Motz and Scirica took no part in the disposition of this matter.

[1] Certain plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 2 -

claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of April 1, 2007, i) over 74,500 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

### District of Delaware

*Lillian Harwood, et al. v. Bondex International Inc., et al.*, C.A. No. 1:06-673 ✱ ✱ ✱ ✓

### Middle District of Louisiana

*Cletus Brewer v. Noble Drilling Corp., et al.*, C.A. No. 3:06-458

### District of Maryland

*Joyce Liming, etc. v. ACandS, Inc., et al.*, C.A. No. 1:06-3280

### Southern District of Mississippi

*Brandon Kaye Polk v. Phillips 66 Co., et al.*, C.A. No. 1:06-383
*Daniel Livingston v. Phillips 66 Co., et al.*, C.A. No. 1:06-384
*Ralph T. McPhail v. Phillips 66 Co., et al.*, C.A. No. 1:06-1146
*Willie Lee Daniels v. Phillips 66 Co., et al.*, C.A. No. 1:06-1199
*Harvey E. Broom v. Phillips 66 Co., et al.*, C.A. No. 1:06-1200
*Rolland Dearman v. Phillips 66 Co., et al.*, C.A. No. 1:06-1201
*Clinton L. Brady v. Phillips 66 Co., et al.*, C.A. No. 1:06-1202
*Deloice Bullock v. Phillips 66 Co., et al.*, C.A. No. 1:06-1203
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.*, C.A. No. 1:06-1204
*Terry Wallace v. Phillips 66 Co., et al.*, C.A. No. 1:06-1205
*Ray C. Rawls v. Phillips 66 Co., et al.*, C.A. No. 1:06-1206
*Lonnie Newsom v. Phillips 66 Co., et al.*, C.A. No. 1:06-1207
*George Dixon v. Phillips 66 Co., et al.*, C.A. No. 1:06-1208
*Ted L. Piner v. Phillips 66 Co., et al.*, C.A. No. 1:06-1209
*Henry A. Herring v. Phillips 66 Co., et al.*, C.A. No. 1:06-1210
*Joseph Crawford v. Phillips 66 Co., et al.*, C.A. No. 1:06-1211
*Dan Mack Daughdrill v. Phillips 66 Co., et al.*, C.A. No. 1:06-1212
*Tony N. Thomas v. Phillips 66 Co., et al.*, C.A. No. 1:06-1213
*Patrick Curd v. Phillips 66 Co., et al.*, C.A. No. 1:06-1214
*Louie T. Elmer v. Phillips 66 Co., et al.*, C.A. No. 1:06-1215